**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____

|  |  |  |
|---|---|---|
| | : | |
| MICHAEL DEFOSSE, | : | |
| | : | |
| Plaintiff, | : | Case No.  1:24-cv-1173-GHW |
| | : | |
| v. | : | |
| | : | |
| TRANS UNION, LLC, EXPERIAN | : | |
| INFORMATION SOLUTIONS, INC., and | : | |
| EQUIFAX INFORMATION SERVICES, | : | |
| LLC, | : | |
| | : | |
| Defendants. | : | |

---

**TRANSUNION LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

---

TransUnion, LLC ("TransUnion"), by and through its undersigned counsel, hereby answers the Complaint (the "Complaint") filed by Michael Defosse ("Plaintiff").  In accordance with Fed. R. Civ. P. 8(b)(1)(B), the answers of TransUnion are to those allegations which are or which could be understood to be asserted against TransUnion and, unless specifically noted herein, TransUnion lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations directed toward any other defendant and on that basis denies them. Moreover, unless expressly admitted herein, TransUnion denies each and every allegation set forth in the Complaint.

## Introduction

1.      TransUnion admits only that Plaintiff purports to assert a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") and the New York Fair Credit Reporting Act, N.Y. GEN. BUS. LAW § 380 et seq. TransUnion specifically denies that it violated the FCRA

or any other law. TransUnion denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against TransUnion. TransUnion denies that it has any liability to Plaintiff.

2.      The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion states that the FCRA and case law interpreting same speaks for itself. To the extent that Plaintiff misquotes or mischaracterizes the language of the FCRA, TransUnion denies the allegations as stated.

3.      The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion states that the FCRA and case law interpreting same speaks for itself. To the extent that Plaintiff misquotes or mischaracterizes the language of the FCRA, TransUnion denies the allegations as stated.

4.      The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion states that the FCRA and case law interpreting same speaks for itself.  To the extent that Plaintiff misquotes or mischaracterizes the language of the FCRA, TransUnion denies the allegations as stated.  Further, To the extent that the allegations contained in this paragraph refer to or purport to have restated information from a written document or documents, the document or documents speak for themselves and TransUnion denies all characterizations thereof.

5.      The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion states that the FCRA and case law interpreting same speaks for itself.  To the extent that Plaintiff misquotes or mischaracterizes the language of the FCRA, TransUnion denies the allegations as stated.  Further, To the extent that the allegations contained in this paragraph refer to or purport to have restated

information from a written document or documents, the document or documents speak for themselves and TransUnion denies all characterizations thereof.

6.      The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion states that the FCRA and case law interpreting same speaks for itself.  To the extent that Plaintiff misquotes or mischaracterizes the language of the FCRA, TransUnion denies the allegations as stated.  Further, To the extent that the allegations contained in this paragraph refer to or purport to have restated information from a written document or documents, the document or documents speak for themselves and TransUnion denies all characterizations thereof.

7.      The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion states that the FCRA and case law interpreting same speaks for itself.  To the extent that Plaintiff misquotes or mischaracterizes the language of the FCRA, TransUnion denies the allegations as stated.  Further, To the extent that the allegations contained in this paragraph refer to or purport to have restated information from a written document or documents, the document or documents speak for themselves and TransUnion denies all characterizations thereof.

8.      The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion states that the FCRA and case law interpreting same speaks for itself.  To the extent that Plaintiff misquotes or mischaracterizes the language of the FCRA, TransUnion denies the allegations as stated.  Further, To the extent that the allegations contained in this paragraph refer to or purport to have restated information from a written document or documents, the document or documents speak for themselves and TransUnion denies all characterizations thereof.

9.    The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion states that the FCRA and case law interpreting same speaks for itself.  To the extent that Plaintiff misquotes or mischaracterizes the language of the FCRA, TransUnion denies the allegations as stated.  Further, To the extent that the allegations contained in this paragraph refer to or purport to have restated information from a written document or documents, the document or documents speak for themselves and TransUnion denies all characterizations thereof.

10. The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that a response is required, TransUnion states that the FCRA and case law interpreting same speaks for itself.  To the extent that Plaintiff misquotes or mischaracterizes the language of the FCRA, TransUnion denies the allegations as stated.  Further, To the extent that the allegations contained in this paragraph refer to or purport to have restated information from a written document or documents, the document or documents speak for themselves and TransUnion denies all characterizations thereof.

## Summary of Plaintiff's Claims

11.    TransUnion denies the allegations of this paragraph as they apply to TransUnion. TransUnion denies that the remaining statements contained in this paragraph require a response from TransUnion as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

12.    TransUnion denies the allegations of this paragraph as they apply to TransUnion. TransUnion denies that the remaining statements contained in this paragraph require a response from TransUnion as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

13.     TransUnion denies the allegations of this paragraph as they apply to TransUnion. TransUnion denies that the remaining statements contained in this paragraph require a response from TransUnion as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

14.     TransUnion denies the allegations of this paragraph as they apply to TransUnion. TransUnion denies that the remaining statements contained in this paragraph require a response from TransUnion as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

15.     TransUnion denies the allegations of this paragraph as they apply to TransUnion. TransUnion denies that the remaining statements contained in this paragraph require a response from TransUnion as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

16.     TransUnion denies the allegations of this paragraph as they apply to TransUnion. TransUnion denies that the remaining statements contained in this paragraph require a response from TransUnion as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

17.     TransUnion denies the allegations of this paragraph as they apply to TransUnion. TransUnion denies that the remaining statements contained in this paragraph require a response from TransUnion as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

18.     TransUnion denies the allegations of this paragraph as they apply to TransUnion. TransUnion denies that the remaining statements contained in this paragraph require a response

from TransUnion as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

19.     TransUnion denies the allegations of this paragraph as they apply to TransUnion. TransUnion denies that the remaining statements contained in this paragraph require a response from TransUnion as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## Jurisdiction and Venue

20.     TransUnion admits, solely based on the allegations contained in Plaintiff's Complaint, that jurisdiction is proper in this Court.  TransUnion denies the remaining allegations contained in this paragraph Complaint.

21.     TransUnion admits, solely based on the allegations contained in Plaintiff's Complaint, that venue is proper in this Court.  TransUnion denies the remaining allegations contained in this paragraph Complaint.

## The Parties

22.     TransUnion admits upon information and belief that Plaintiff is a consumer. TransUnion lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Plaintiff's residence and therefore denies them.

23.     The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that the allegations contained in this paragraph are not asserted against TransUnion, TransUnion lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding any other defendant and therefore denies them.

24.     The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent that the allegations contained in this paragraph are not asserted

against TransUnion, TransUnion lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding any other defendant and therefore denies them.

25.    TransUnion admits only that it is a consumer reporting agency that is a Delaware entity which conducts business in New York. The remaining allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent a response is required, TransUnion denies the allegations.

## Statement of Facts

26.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

27.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

28.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

29.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

30.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

31.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

32.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

33.    The allegations contained in this paragraph assert a legal conclusion as to which no response is required. To the extent a response is required, TransUnion is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

34.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

35.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

36.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

37.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

38.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

39.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

40.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

41.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

42.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

43.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

44.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

45.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

46.    TransUnion admits only that it received correspondence, purportedly from Plaintiff, in August 2022 regarding his accounts with Ed Financial. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them. To the extent that the allegations contained in this paragraph refer to or purport to have restated information from a written document or documents, the document or documents speak for themselves and TransUnion denies all characterizations thereof.

47.    TransUnion admits only that it received correspondence, purportedly from Plaintiff, in August 2022 that include correspondence purportedly from Ed Financial. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them. To the extent that the allegations contained in this paragraph refer to or purport to have restated information from a written document or documents, the document or documents speak for themselves and TransUnion denies all characterizations thereof.

48.    TransUnion admits only that it received correspondence, purportedly from Plaintiff, in August 2022 regarding his accounts with Ed Financial. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them. To the extent that the allegations contained in this paragraph refer to or purport to have restated information from a written document or

documents, the document or documents speak for themselves and TransUnion denies all characterizations thereof.

49.    TransUnion admits only that it received correspondence, purportedly from Plaintiff, in August 2022 regarding his accounts with Ed Financial. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them. To the extent that the allegations contained in this paragraph refer to or purport to have restated information from a written document or documents, the document or documents speak for themselves and TransUnion denies all characterizations thereof.

50.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

51.    Because of the vague and generalized nature of the allegations, TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

52.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

53.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

54.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

55.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

56.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

57.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

58.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

59.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

60.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

61.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

62.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

63.    TransUnion admits only that it received correspondence, purportedly from Plaintiff, in or around June 2023 regarding his accounts with Ed Financial. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them. To the extent that the allegations contained in this paragraph refer to or purport to have restated information from a written document or documents, the document or documents speak for themselves and TransUnion denies all characterizations thereof.

64.    Because of the vague and generalized nature of the allegations, TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

65.    TransUnion admits only that it received correspondence, purportedly from Plaintiff, in or around June 2023 regarding his accounts with Ed Financial. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them. To the extent that the allegations contained in this paragraph refer to or purport to have restated information from a written document or documents, the document or documents speak for themselves and TransUnion denies all characterizations thereof.

66.    TransUnion admits only that it received correspondence, purportedly from Plaintiff, in or around June 2023 that include correspondence purportedly from Ed Financial. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them. To the extent that the allegations contained in this paragraph refer to or purport to have restated information from a written document or documents, the document or documents speak for themselves and TransUnion denies all characterizations thereof.

67.    TransUnion admits only that it received correspondence, purportedly from Plaintiff, in or around June 2023 regarding his accounts with Ed Financial. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them. To the extent that the allegations contained in this paragraph refer to or purport to have restated information from a written document or

documents, the document or documents speak for themselves and TransUnion denies all characterizations thereof.

68.    TransUnion admits only that it received correspondence, purportedly from Plaintiff, in or around June 2023 regarding his accounts with Ed Financial. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them. To the extent that the allegations contained in this paragraph refer to or purport to have restated information from a written document or documents, the document or documents speak for themselves and TransUnion denies all characterizations thereof.

68.    TransUnion admits only that it received correspondence, purportedly from Plaintiff, in or around June 2023 regarding his accounts with Ed Financial. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them. To the extent that the allegations contained in this paragraph refer to or purport to have restated information from a written document or documents, the document or documents speak for themselves and TransUnion denies all characterizations thereof.

69.    TransUnion admits only that it sent Plaintiff its reinvestigation results on June 23, 2023. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them. to the extent that the allegations contained in this paragraph refer to or purport to have restated information from a written document or documents, the document or documents speak for themselves and TransUnion denies all characterizations thereof.

70.     TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

71.     TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

72.     TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

73.     TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

74.     TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

75.     TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

76.     TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

77.     TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

78.     TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

79.     TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

80.     TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

81.     TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

82.     TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

83.     TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

84.     TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

85.     TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

86.     TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

87.     TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

88.     TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

89.     TransUnion admits only that it received correspondence, purportedly from Plaintiff, in or around September 2023. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them. To the extent that the allegations contained in this paragraph refer to or purport to have restated information from a written document or documents, the document or documents speak for themselves and TransUnion denies all characterizations thereof.

90.     TransUnion admits only that it received correspondence, purportedly from Plaintiff, in or around September 2023 that include correspondence purportedly from Ed Financial. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them. To the extent that the allegations contained in this paragraph refer to or purport to have restated information from a written document or documents, the document or documents speak for themselves and TransUnion denies all characterizations thereof.

91.     TransUnion admits only that it received correspondence, purportedly from Plaintiff, in or around September 2023. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them. To the extent that the allegations contained in this paragraph refer to or purport to have restated information from a written document or documents, the document or documents speak for themselves and TransUnion denies all characterizations thereof.

92.     TransUnion admits only that it received correspondence, purportedly from Plaintiff, in or around September 2023. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them. To the extent that the allegations contained in this paragraph refer to or purport to have restated information from a written document or documents, the document or documents speak for themselves and TransUnion denies all characterizations thereof.

93.     TransUnion admits only that it received correspondence, purportedly from Plaintiff, in or around September 2023. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them. To the extent that the allegations contained in this paragraph refer to or purport to

have restated information from a written document or documents, the document or documents speak for themselves and TransUnion denies all characterizations thereof.

94.     TransUnion admits only that it received correspondence, purportedly from Plaintiff, in or around September 2023. TransUnion is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them. To the extent that the allegations contained in this paragraph refer to or purport to have restated information from a written document or documents, the document or documents speak for themselves and TransUnion denies all characterizations thereof.

95.     Because of the vague and generalized nature of the allegations, TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

96.     Because of the vague and generalized nature of the allegations, TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

97.     Because of the vague and generalized nature of the allegations, TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

98.     Because of the vague and generalized nature of the allegations, TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

99.     TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

100.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

101.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

102.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

103.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

104.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

105.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

106.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

107.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

108.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

109.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them

110.    TransUnion is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

111.    TransUnion denies the allegations of this paragraph as they apply to TransUnion. TransUnion denies that the remaining statements contained in this paragraph require a response from TransUnion as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

112.    TransUnion denies the allegations of this paragraph as they apply to TransUnion. TransUnion denies that the remaining statements contained in this paragraph require a response from TransUnion as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## **FIRST CAUSE OF ACTION**

113.    TransUnion incorporates its answer to the paragraphs above as if fully set forth herein.

114.    TransUnion denies the allegations of this paragraph as they apply to TransUnion. TransUnion denies that the remaining statements contained in this paragraph require a response from TransUnion as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

115.    TransUnion denies the allegations of this paragraph as they apply to TransUnion. TransUnion denies that the remaining statements contained in this paragraph require a response from TransUnion as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

116.    TransUnion denies the allegations of this paragraph as they apply to TransUnion. TransUnion denies that the remaining statements contained in this paragraph require a response from TransUnion as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

117.    TransUnion denies the allegations of this paragraph as they apply to TransUnion. TransUnion denies that the remaining statements contained in this paragraph require a response from TransUnion as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## Second Cause of Action

118.    TransUnion incorporates its answer to the paragraphs above as if fully set forth herein

119.    TransUnion denies the allegations of this paragraph as they apply to TransUnion. TransUnion denies that the remaining statements contained in this paragraph require a response from TransUnion as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

120.    TransUnion denies the allegations of this paragraph as they apply to TransUnion. TransUnion denies that the remaining statements contained in this paragraph require a response from TransUnion as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

121.    TransUnion denies the allegations of this paragraph as they apply to TransUnion. TransUnion denies that the remaining statements contained in this paragraph require a response from TransUnion as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

122.    TransUnion denies the allegations of this paragraph as they apply to TransUnion. TransUnion denies that the remaining statements contained in this paragraph require a response from TransUnion as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## PRAYER FOR RELIEF

TransUnion denies the allegations contained in the Prayer for Relief paragraph of the Complaint.

## DEMAND FOR JURY TRIAL

TransUnion admits that Plaintiff demands a trial by jury.

AFFIRMATIVE DEFENSES

TransUnion states the following defenses and reserves its right to assert other and additional defenses, cross claims, and third-party claims not asserted herein of which it becomes aware through discovery or other investigation as may be appropriate at a later time. In asserting these defenses, TransUnion does not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Plaintiff.

1.      Plaintiff fails to state a claim against TransUnion for which relief can be granted.

2.      Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any actual injuries as a result of any act or omission of TransUnion.

3.      Plaintiff has not suffered any damages resulting from any acts or omissions of TransUnion.

4.      Plaintiff's claims are barred, in whole or in part, because any alleged injuries or damages were not legally or proximately caused by any acts or omissions of TransUnion, but were caused, if at all, solely, legally and proximately by the acts and omissions of Plaintiff and/or third parties, including, without limitation, the prior intervening or superseding acts and omissions of Plaintiff and/or such third parties.

5.      Plaintiff's claims are barred, in whole or in part, because he failed to mitigate any injuries or damages allegedly sustained.

6.      TransUnion's reports concerning Plaintiff were true or substantially true.

7.      TransUnion followed reasonable procedures to assure maximum possible accuracy of its reports concerning Plaintiff.

8.      t all relevant times, TransUnion acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions, and the common law.

9.      Any claim for exemplary or punitive damages asserted by Plaintiff violates TransUnion's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant TransUnion, LLC, respectfully prays that:

A. Plaintiff takes nothing by way of their Complaint, and the action be dismissed with prejudice as to TransUnion;

B. Judgment be entered in favor of TransUnion and against Plaintiff with respect to all causes of action in the Complaint;

C. This Court award TransUnion its attorneys' fees and all other costs reasonably incurred in defense of this action; and

D. The Court award TransUnion such other relief that this Court deems just and proper.

Date: <u>March 1, 2024</u>                        Respectfully submitted,


*s/ Jacqueline M. Weyand*
Jacqueline M. Weyand
**BUCHANAN INGERSOLL & ROONEY PC**
640 5TH Avenue, 9th Floor
New York, New York 10018
(212) 440-4488
*Attorneys for TransUnion, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing has been filed

electronically on the **1st day of March 2024**.  Notice of this filing will be sent to all parties by

operation of the Court's electronic filing system.

*s/ Jacqueline M. Weyand*
Jacqueline M. Weyand